﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190905-28074
DATE: October 30, 2020

REMANDED

Entitlement to service connection for a right leg disability is remanded.

Entitlement to service connection for a left leg disability is remanded.

Entitlement to service connection for a lumbar spine disability is remanded.

Entitlement to service connection for bilateral lower extremity radiculopathy (associated with the lumbar spine disability) is remanded.

Entitlement to service connection for bilateral carpal tunnel syndrome is remanded.

Entitlement to service connection for an acquired psychiatric disorder, claimed as depression and posttraumatic stress disorder (PTSD), is remanded.

Entitlement to service connection for a thyroid disability, diagnosed as Graves’ disease, is remanded.

REASONS FOR REMAND

The Veteran served in the Missouri National Guard from August 1981 to April 1983, in the US Army Reserve from April 1983 to November 1985, in the Texas National Guard from November 1985 to February 1987, and in the US Army Reserve from February 1987 to November 1995. The Veteran served on active duty for training (ACDUTRA) from September 1981 to February 1982 and had other periods of ACDUTRA and inactive duty for training (INACDUTRA) during her reserve component time. 

This matter comes before the Board of Veterans’ Appeals (Board) from rating decisions dated July 2019 and August 2019. 

After a March 2018 Board remand of the bilateral carpal tunnel, acquired psychiatric disorder, bilateral leg, and low back issues, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form later in March 2018 and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in July 2019, which is one of the decisions on appeal. Additionally, in July 2019 the Veteran filed a claim for compensation for a thyroid disability. The RO adjudicated this issue via the August 2019 AMA rating decision.

The Board further notes that, on her September 2019 appeal to the Board 

(VA Form 10182), the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the rating decisions on appeal, as well as any evidence submitted by the Veteran or her representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

1. Entitlement to service connection for a right leg disability is remanded.

2. Entitlement to service connection for a left leg disability is remanded.

The Veteran seeks service connection for a bilateral leg disability, described as leg pain. 10/10/2013, VA 21-0820 Report of General Information; 11/12/2013, 

VA 21-526EZ, Fully Developed Claim. She has reported injuries to both legs in 1991, during boot camp, 12/22/2014, VA 21-526EZ, Fully Developed Claim. 

She believes that her current disability is related to injuries sustained during active duty and, in this regard, has referenced that she was required to do all physical training in combat boots. 11/13/2015, NOD; 01/05/2017, VA 21-4138 Statement in Support of Claim. She has also mentioned that, as a supply clerk, she was required to do a lot of bending, stooping, and lifting. 11/13/2015, NOD.

In October 2018, the Veteran submitted a statement from a friend, indicating that the Veteran wrote her a letter where she mentioned having injured her legs and being put on a profile during boot camp. 10/15/2018, Buddy/Lay Statement.

A January 2019 VA examination shows a diagnosis of bilateral shin splints. 

As noted by the examiner, the Veteran reported that she started to experience shin splints in 1981 during her time in boot camp. She also reported having received treatment for, and put on a profile due, to those symptoms. Regarding course of the condition since onset, the Veteran stated that the condition has stayed the same.

The January 2019 VA examiner opined that the Veteran’s bilateral shin splints are less likely than not related to service. The examiner’s rationale was simply that service treatment records did not show symptoms related to this diagnosis. 

This rationale is clearly inadequate, as it does not show adequate consideration of the Veteran’s reported history, relies solely on the absence of evidence to rule out a nexus, and is not supported by a comprehensive medical rationale.

The RO’s failure to obtain an adequate VA opinion constitutes a pre-decisional duty to assist error that must be corrected. 

3. Entitlement to service connection for a lumbar spine disability is remanded.

4. Entitlement to service connection for bilateral lower extremity radiculopathy (associated with the lumbar spine disability) is remanded.

The Veteran seeks service connection for a low back disability. 04/03/2015, 

VA 21-526EZ, Fully Developed Claim. She believes that her current disability is related to injuries sustained during active duty and, in this regard, has referenced that she was required to do all physical training in combat boots. 11/13/2015, NOD; 01/05/2017, VA 21-4138 Statement in Support of Claim. She has also mentioned that, as a supply clerk, she was required to do a lot of bending, stooping, and lifting. 11/13/2015, NOD.

A January 2019 VA examination shows a diagnosis of degenerative disc disease of the lumbar spine, with bilateral lower extremity radiculopathy. As noted in the examination report, the Veteran reported that her back symptoms began in 1993, when she experienced low back pain from doing heavy lifting during her time in service. Regarding course of the condition since onset, the Veteran stated that it had progressed.

The January 2019 VA examiner opined that the Veteran’s lumbar spine disability is less likely than not related to service. The examiner’s rationale was simply that service treatment records did not show symptoms related to this diagnosis. This rationale is clearly inadequate, as it does not show adequate consideration of the Veteran’s reported history, relies solely on the absence of evidence to rule out a nexus, and is not supported by a comprehensive medical rationale.

The RO’s failure to obtain an adequate VA opinion constitutes a pre-decisional duty to assist error that must be corrected. 

5. Entitlement to service connection for bilateral carpal tunnel syndrome is remanded.

The Veteran seeks service connection for bilateral carpal tunnel syndrome. She initially reported that her symptoms began in April 1991. 09/06/2011, VA 21-526 Veterans Application for Compensation or Pension; 04/05/2012, VA 21-4138 Statement in Support of Claim. More recently, at a January 2019 VA examination, she stated that her symptoms began in 1995. She has reported continuous symptoms ever since and believes that her current disability is related to heavy lifting during her time in service. The January 2019 VA examination report indicates that the Veteran’s carpal tunnel syndrome was diagnosed in 2010.

The January 2019 VA examiner opined that the Veteran’s carpal tunnel syndrome is less likely than not related to service. The examiner’s rationale was simply that service treatment records did not show symptoms related to this diagnosis. 

This rationale is clearly inadequate, as it does not show adequate consideration of the Veteran’s reported history, relies solely on the absence of evidence to rule out a nexus, and is not supported by a comprehensive medical rationale.

The RO’s failure to obtain an adequate VA opinion constitutes a pre-decisional duty to assist error that must be corrected. 

6. Entitlement to service connection for an acquired psychiatric disorder, claimed as depression and posttraumatic stress disorder (PTSD), is remanded.

The Veteran seeks service connection for a mental health disability, claimed as PTSD and depression. 11/12/2013, VA 21-526EZ, Fully Developed Claim. In a December 2014 statement, the Veteran indicated that she injured both legs in 1991, during boot camp, and noted that “to this day” she had had problems with nightmares, persistent danger of hurting others, auditory hallucinations, and depression. 12/22/2014, VA 21-526EZ, Fully Developed Claim & VA 21-0781, Statement in Support of Claim for PTSD. In a February 2015 statement, she made it clear that her mental health symptoms are related to injuries sustained during active duty. 02/24/2015, VA 21-0781, Statement in Support of Claim for PTSD.

Notwithstanding, a January 2015 VA treatment note reflects that the Veteran reported being depressed for than 20 years. She stated that she felt hopeless, experienced sleeping difficulties, and had anger issues. In the context of the anger issues, she referenced that boot camp was very difficult for her because of the drill sergeant’s yelling, which the Veteran described as excessive and borderline abusive. The treatment note shows diagnoses of “major depressive disorder, anxiety, r/o intermittent explosive disorder.” 02/11/2015, CAPRI.

A January 2019 VA examination shows a diagnosis of unspecified depressive disorder with anxiety. Regarding diagnoses relevant to the diagnosed mental health disability, the examiner referenced the Veteran’s Graves’ disease and back pain. The examiner noted that the Veteran denied a history of trauma in service and concluded that the Veteran did not have PTSD. Regarding the current mental health diagnosis, the examiner opined that it is less likely than not related to service. The examiner’s rationale was simply that she could not find any indication of an injury or event in service to account for the Veteran’s diagnosis. This rationale is clearly inadequate, as it does not show adequate consideration of the Veteran’s reported history, relies solely on the absence of evidence to rule out a nexus, and is not supported by a comprehensive medical rationale. 

The RO’s failure to obtain an adequate VA opinion constitutes a pre-decisional duty to assist error that must be corrected. 

7. Entitlement to service connection for a thyroid disability, diagnosed as Graves’ disease, is remanded.

The Veteran seeks service connection for a thyroid disability, claimed as Graves’ disease. She has asserted that this diagnosis is secondary to exposure to pollution and toxins. 07/11/2019, VA 21-526EZ, Fully Developed Claim. VA treatment records show a history of, and treatment for, Graves’ disease. 07/19/2019, CAPRI. 

There is no indication that the RO acknowledged or made any development related to the Veteran’s report of exposure to pollution and toxins. At a minimum, the RO should have asked the Veteran to provide specific information regarding this reported exposure and provided notice of any service connection criteria specific to her claim. The RO’s failure to acknowledge this assertion from the Veteran constitutes a pre-decisional duty to assist error that must be corrected. 

***

The Veteran has only served in ACDUTRA and/or INACDUTRA. Service connection is available for injuries incurred during a period of ACDUTRA or INACDUTRA. 38 U.S.C. § 101(24)(B)-(C); 38 C.F.R. § 3.6(a).

As noted in the introduction, the Veteran served in the Missouri National Guard from August 1981 to April 1983, in the US Army Reserve from April 1983 to November 1985, in the Texas National Guard from November 1985 to February 1987, and in the US Army Reserve from February 1987 to November 1995. 

She served on ACDUTRA from September 1981 to February 1982 and had other periods of ACDUTRA and INACDUTRA during her reserve component time. The Veteran’s service personnel records show ACDUTRA or INACDUTRA in 1988,1989, 1990, 1994, and 1995.

In August 2016, the RO sent requests for records to the Missouri National Guard and the Texas Army Reserve (Ellington Field Army Reserve). However, the record does not show that a response was received from the Missouri National Guard. The letter to the Texas Army Reserve was returned for having the wrong address. The requests for service medical records on file were for documents dated during the Veteran’s bootcamp from September 1981 to February 1982 and subsequent to 1987. The service medical records in the claims file do not contain records for the last several years of the Veteran’s reserve service. Notably, the service personnel records show a specific instruction for the Veteran to report for a Quadrennial Physical Examination on January 21, 1995. This examination report is not in the claims file. The RO’s failure to obtain this relevant evidence constitutes a pre-decisional duty to assist error that must be corrected. Accordingly, the RO should make all efforts to obtain missing service treatment records, to include the January 1995 examination report and any other additional records from the Missouri Army National Guard and the United States Army Reserve.

The Board also notes that, in September 2019, alongside her NOD, the Veteran submitted a statement raising a possible issue related to her service treatment records. Specifically, she mentioned that she had found records belong to a different individual among records provided to her by the National Personnel Records Center and expressed concern about the possibility that some of her treatment records may have been lost or misplaced. She also mentioned that she was never given a separation examination from the US Army Reserve. 09/05/2019, Correspondence. 

These matters are REMANDED for the following actions:

1. Obtain any outstanding service medical records, to include the report from the January 21, 1995 examination and any additional personnel and treatment records from the Veteran’s time in the Missouri Army National Guard and the United States Army Reserves. Once obtained, review the Veteran’s service personnel records and compile a list of the dates of the Veteran’s ACDUTRA and INACDUTRA periods of service.

All attempts to secure these records, as well as any responses received, must be documented in the claims file. If the AOJ concludes that the records do not exist or that further attempts to obtain them would be futile, the RO must provide the Veteran with the required regulatory notice informing her of such. See 38 C.F.R. § 3.159(e).

2. Take appropriate action regarding the Veteran’s reported exposure to pollution and toxins during her service. At a minimum, the Veteran ask the Veteran to provide specific details regarding this exposure and be notified of any special criteria needed to support her claim of service connection for Graves’ disease.

3. After completing #1 through #2, schedule the Veteran for VA medical examinations from appropriate examiners to determine whether her claimed disabilities are related to diseases or injuries sustained her period of ACDUTRA or INACDUTRA.

Each examiner should take a history from the Veteran as to the progression of the claimed disability.

(a.) With respect to the bilateral leg disability, the examiner should clarify the Veteran’s diagnoses, to include any neurological disability. For any diagnosed disability, the examiner should determine whether it is at least as likely as not 

(50 percent or greater probability) that such had onset during a period of ACDUTRA, or is a result of an injury sustained during any period of service. The opinion should show adequate consideration of the Veteran’s history, to include any lay statements regarding the nature of her in-service injuries. The examiner should consider and comment upon the Veteran’s assertion that her leg pain could be from wearing combat boots during basic training.

(b.) With respect to the lumbar spine disability, the examiner should clarify the Veteran’s diagnoses, to include any neurological disability. For any diagnosed disability, the examiner should determine whether it is at least as likely as not 

(50 percent or greater probability) that such had onset during a period of ACDUTRA, or is a result of an injury sustained during any period of service. The opinion should show adequate consideration of the Veteran’s history, to include any lay statements regarding the nature of her in-service injuries. The examiner should consider and comment upon the Veteran’s assertion that her leg pain could be from wearing combat boots during basic training.

(c.) With respect to carpal tunnel syndrome, the examiner should determine whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s disability had onset during a period of ACDUTRA, or is a result of an injury sustained during any period of service. The opinion should show adequate consideration of the Veteran’s history, to include any lay statements regarding the nature of her in-service injuries. 

(d.) With respect to the currently diagnosed psychiatric disability, the examiner should determine whether it is at least as likely as not 

(50 percent or greater probability) that the Veteran’s disability had onset during a period of ACDUTRA, or is a result of an injury sustained during any period of service. The opinion should show adequate consideration of the Veteran’s history, to include any lay statements regarding events in service. 

A comprehensive medical rationale for all opinions is to be provided. All pertinent evidence, including both lay and medical, should be considered. If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Lopez, Pedro

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.